MICHELE BECKWITH
Acting United States Attorney
SHELLEY D. WEGER
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUAN DAVID MACGREGOR<br>fka DAVID JOSEPH BEAN,<br><br>Defendant. | CASE NO. 2:24-cr-00207-JAM<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

Based upon the Stipulation and Application for the entry of a Preliminary Order of Forfeiture entered into between the United States of America and defendant Euan David MacGregor, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1), defendant Euan David MacGregor's 100% interest in the net proceeds from the sale of real property located at 720 McLean Street, Iowa City, Iowa, 52246 shall be condemned and forfeited to the United States of America, to be disposed of according to law.

2. Defendant MacGregor's 100% interest in the real property located at 720 McLean Street in Iowa City, Iowa is forfeitable to the United States via the personal money judgment imposed against him based on his wire fraud conviction, 18 U.S.C. § 1343.

3. The funds equaling defendant MacGregor's 100% interest in the real property located at

720 McLean Street shall satisfy the personal money judgment entered against him pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1). The personal money judgment imposed against the defendant does not contemplate the forfeiture of any interest validly held by his spouse, either as community property or under the marriage laws of any state.

4. The parties agreed that defendant MacGregor shall have four months from the entry of this Preliminary Order of Forfeiture to sell the above real property. Payment should be made in the form of a cashier's check made payable to the U.S. Marshals and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814. Prior to the imposition of sentence, any funds delivered to the United States to satisfy the money judgment shall be seized and held by the U.S. Marshals, in its secure custody and control.

5. The parties agreed that if defendant MacGregor is unable to sell the real property within four months from the entry of this Preliminary Order of Forfeiture, the sale of the real property shall be handled by the U.S. Marshals Service in a commercially reasonable manner. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the property.

6. The net proceeds from the sale of the real property will include all money realized from the sale of the real property, except for the following:

    a. Real estate commissions;
    b. Amounts due to the holder of any valid lien recorded;
    c. Real estate property taxes which are due and owing;
    d. Insurance costs, if any;
    e. Title fees;
    f. HOA fees, if any;
    g. Escrow fees and expenses; and
    h. County transfer taxes.

7. The net proceeds equaling defendant MacGregor's 100% interest from the sale of the real property shall be deposited in the Seized Asset Deposit Fund by the U.S. Marshals Service.

8. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

9. Defendant MacGregor shall maintain the real property in the same condition and repair as existed on the date of signing this stipulation, normal wear and tear excepted, until his custody, control,

and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.

10. Defendant MacGregor shall maintain all insurance policies currently in effect with respect to the real property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the sale is completed. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the real property.

11. Except as specifically provided herein, defendant MacGregor shall not convey, transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the United States.

12. The parties agreed that if any portion of the net proceeds from the forfeited assets are paid to victims through the remission or restoration process, the United States will recommend that the amount forfeited will be credited to the defendant's restitution obligation.

SO ORDERED.

Dated: February 04, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE