MICHELE BECKWITH
Acting United States Attorney
SHELLEY D. WEGER
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>EUAN DAVID MACGREGOR<br>f/k/a David Joseph Bean,<br><br>             Defendant. | 2:24-cr-00207-JAM<br><br>**FINAL ORDER OF FORFEITURE** |

      On or about February 5, 2025, this Court entered a Preliminary Order of Forfeiture, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1), based upon the guilty plea and the Stipulation and Application for Preliminary Order of Forfeiture entered into between plaintiff and defendant Euan David MacGregor forfeiting to the United States the following property:

      a.    A personal money judgment to be satisfied with defendant MacGregor's 100% interest in the net proceeds from the sale of real property located at 720 McLean Street, Iowa City, Iowa.

      The Court has been advised that no third party has filed a claim to the subject property, and the time for any person or entity to file a claim has expired.

      Accordingly, it is hereby ORDERED and ADJUDGED:

      1.    A Final Order of Forfeiture shall be entered forfeiting to the United States all right, title,

and interest in the below-listed property pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1), including all right, title, and interest of Euan David MacGregor:

      a.      A personal money judgment to be satisfied with defendant MacGregor's 100% interest in the net proceeds from the sale of real property located at 720 McLean Street, Iowa City, Iowa.

2.      The personal money judgment imposed against defendant MacGregor does not contemplate the forfeiture of any interest validly held by his spouse, either as community property or under the marriage laws of any state.

3.      Defendant MacGregor has four months from the entry of the Preliminary Order of Forfeiture to sell the above real property.  Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

4.      If defendant MacGregor is unable to sell the real property within four months from entry of the Preliminary Order of Forfeiture, the sale of the real property shall be handled by the U.S. Marshals Service in a commercially reasonable manner.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have the sole authority over the marketing and sale of the property.

5.      The net proceeds from the sale of the real property will include all money realized from the sale of the real property, except for the following:

      a.      Real estate commissions;
      b.      Amounts due to the holder of any valid lien recorded;
      c.      Real estate property taxes which are due and owing;
      d.      Insurance costs, if any;
      e.      Title fees;
      f.      HOA fees, if any;
      g.      Escrow fees and expenses; and
      h.      County transfer taxes.

6.      The net proceeds equaling defendant MacGregor's 100% interest from the sale of the real property shall be deposited by the U.S. Marshals Service.

7.      Each party agreed to execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

8.      Defendant MacGregor shall maintain the real property in the same condition and repair as

existed on the date of signing the Stipulation and Application for Preliminary Order of Forfeiture of Defendant's Interest in Real Property, normal wear and tear excepted, until his custody, control, and responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.

9. Defendant MacGregor shall maintain all insurance policies currently in effect with respect to the real property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the sale is completed.  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the real property.

10. Except as specifically provided herein, defendant MacGregor shall not convey, transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the United States.

11. The parties agreed that if any portion of the net proceeds from the forfeited asset are paid to victims through the remission or restoration process, the United States will recommend that the amount paid to victims will be credited to the defendant's restitution obligation.

12. All right, title, and interest in the above-listed property shall vest solely in the name of the United States of America.

13. The U.S. Marshals Service shall maintain custody of and control over the subject property until it is disposed of according to law.

SO ORDERED.

Dated: May 22, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE